UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DANIEL DYDZAK**, <br> Plaintiff, <br> v. <br> **CHARLES SCHWAB, ET AL.**, <br> Defendants. | Case No.  16-cv-04799-YGR <br><br> **ORDER DENYING PLAINTIFF'S MOTIONS TO DISQUALIFY CERTAIN COUNSEL; GRANTING DEFENDANTS' MOTIONS TO DISMISS; DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT** <br><br> Re: Dkt. No. 9, 22, 24, 29, 31, 39, 64 |

Plaintiff brings this action against several defendants alleging constitutional violations relating to certain judicial proceedings.[1]  Specifically, plaintiff brings the following causes of action:  (i) violation of civil rights under 42 U.S.C. section 1983 against the Ninth Circuit Defendants; (ii) intentional infliction of emotional distress against the Individual Defendants; (iii) conspiracy to tortiously interfere with the lawful processes of the courts against the Individual Defendnats; (iv) declaratory relief relating to a July 7, 2011 memorandum and August 30, 2011 mandate against Judges Kozinski, Wardlaw, and Paez; and (v) declaratory relief relating to an April 20, 2011 order against Judges McKeown and Berzon.

Now before the Court are several motions filed by the parties:  First, plaintiff has filed two motions to disqualify certain counsel.[2]  Second, each of the Individual Defendants has filed

---

[1] Plaintiff brings causes of action against two categories of defendants.  The first set of defendants is composed of the judges of the Ninth Circuit and the clerk of the Ninth Circuit: Molly Dwyer, Alex Kozinski, Kim Wardlaw, Richard Paez, Marsha Berzon, and Mary McKeown (the "Ninth Circuit Defendants").  The second set of defendants is composed of individuals, whom plaintiff alleges had inappropriate interactions with the Ninth Circuit Defendants giving rise to his claims:  Charles Schwab, Alan Rothenberg, Ronald M. George, Eric George, William Wardlaw, and Stephen Berzon (the "Individual Defendants").

[2] Specifically, plaintiff moves to disqualify:  (i) the California Attorney General's Office from representing defendant Ronald M. George, retired California Supreme Court justice; and (ii) Kenneth G. Hausman and the firm of Arnold & Porter from representing defendant Charles Schwab.  (Dkt. Nos. 31, 39.)

In connection with such motions, defendant Ronald M. George requested judicial notice of the following exhibits as court filings and matters of public interest, *see Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006):  (i) Exhibit A, docket dated October 19, 2016, *Dydzak v. George*, No. 10-CV-5820-SVW (C.D. Cal.); (ii) Exhibit B, Order, *Dydzak v. George*, No. 10-CV-5820-SVW (C.D. Cal. Nov. 8, 2010); (iii) Exhibit C, Order, *Dydzak v.*

1  motions to dismiss plaintiff's complaint.  (Dkt. Nos. 9, 22, 24, 29.)[3]  Additionally, the United

2  States has appeared as *amicus curiae* arguing that the Ninth Circuit Defendants have absolute

3  immunity from suit as the allegations against them relate to their judicial or quasi-judicial

4  activities.  (Dkt. No. 67.)  Third, plaintiff has filed a motion for default judgment as to the Ninth

5  Circuit Defendants.  (Dkt. No. 64.)  Having carefully reviewed the pleadings and the papers

6  submitted on each of the motions, and for the reasons set forth below, the Court **ORDERS** as

7  follows:

8      1) Plaintiff's motions to disqualify counsel are **DENIED**.  (Dkt. Nos. 31, 39.)  With regards

9  to plaintiff's motion to disqualify the Attorney General's Office, plaintiff argues that the Attorney

10  General may not represent defendant Ronald M. George because plaintiff's claims against him

11  arise out of activities post-dating his time as a justice of the California Supreme Court.  However,

12  the Attorney General is required to represent retired Justice George as a former state employee

13  when such action is on account of his employment.  Cal. Gov. Code § 995.  This action arises, in

---

*George*, No. 11-55143 (9th Cir. July 7, 2011).  (Dkt. No. 41.)  Plaintiff's arguments in opposition do not persuade.  (Dkt. No. 51.)  Accordingly, the Court **GRANTS** defendant Ronald M. George's request for judicial notice of the aforementioned exhibits.

[3] In connection with the motions to dismiss, the parties have also filed requests for judicial notice of certain documents.  (Dkt. Nos. 9-1, 23, 25, 57.)  As many of the documents sought to be judicially noticed are duplicative of each other, the Court addresses all of the requests for judicial notice together:  (i) Order, *Dydzak v. Cantil-Sakauye*, No. 11-CV-5560-JCC (C.D. Cal. Sept. 25, 2012) (Dkt. No. 25-1); (ii) Memorandum, *Dydzak v. Cantil-Sakauye*, No. 12-56960 (9th Cir. May 18, 2015) (Dkt. No. 25-2); (iii) Mandate, *Dydzak v. Cantil-Sakauye*, No. 12-56960 (9th Cir. Aug. 21, 2015) (Dkt. No. 25-3); (iv) Docket, *Dydzak v. Cantil-Sakauye*, No. 11-CV-5560-JCC (C.D. Cal. Sept. 29, 2016) (Dkt. No. 25-4); (v) Order, *Dydzak v. Rothenberg*, No. BC463363 (Cal. Sup. Ct. (Los Angeles) Nov. 30, 2012) (Dkt. No. 25-5); (vii) Order, *Dydzak v. Dunn*, No. 30-2012-00558031 (Cal. Sup. Ct. (San Diego) Apr. 8, 2013) (Dkt. No. 25-6); (viii) Order, *Dydzak v. Dunn*, No. 30-2012-00558031 (Cal. Sup. Ct. (San Diego) Apr. 5, 2013) (Dkt. No. 23-4); (ix) Judicial Council of California's Vexatious Litigant List, dated August 31, 2016 (Dkt. No. 23-5); (x) Complaint, *Dydzak v. George*, No. 10-CV-5820-SVW (C.D. Cal. Aug. 5, 2010) (Dkt. No. 9-1 at 8); (xi) Order, *Dydzak v. George*, No. 10-CV-5820-SVW (C.D. Cal. Nov. 8, 2010) (Dkt. No. 9-1 at 86); (xii) Order, *Dydzak v. Cantil-Sakauye*, No. 11-CV-5560-JCC (C.D. Cal. Apr. 28, 2016) (Dkt. No. 9-1 at 137); (xiii) Order, *Dydzak v. Cantil-Sakauye*, No. 11-CV-5560-JCC (C.D. Cal. May 13, 2016) (Dkt. No. 9-1 at 139); (xiv) Order, *Dydzak v. Alexander*, No. 16-CV-2915-ODW (C.D. Cal. June 1, 2016) (Dkt. No. 9-1 at 147); (xv) Order, *Dydzak v. George*, No. 11-55143 (9th Cir. July 7, 2011) (Dkt. No. 57 at 5.).  Each is noticeable as a court filing or matter of public interest.  *See Reyn's*, 442 F.3d at 746 n.6.  Plaintiff's arguments to the contrary, again, do not persuade.  Accordingly, the Court **GRANTS** defendants' requests for judicial notice of the aforementioned documents.

1   part, out of defendant Ronald M. George's former judicial activities relating to plaintiff's
2   disbarment. (*See* Dkt. No. 41-2, Order of Dismissal, *Dydzak v. George*, No. 10-CV-5820-SVW
3   (C.D. Cal. Nov. 8, 2010); *see also* Compl. ¶¶ 14–15.) Plaintiff's attempt to obfuscate such
4   connection by bringing claims against Ronald M. George for alleged activities post-dating his
5   employment is unavailing. With regards to plaintiff's motion to disqualify Kenneth G. Hausman
6   and the firm of Arnold & Porter, plaintiff argues that the same should be disqualified because he
7   intends to call Kenneth G. Hausman and other attorneys at Arnold & Porter as witnesses. Plaintiff
8   does not identify any violation of any ethical rules, especially in light of the Declaration of
9   Kenneth G. Hausman indicating that he has provided the requisite written disclosures to his client.
10  Additionally, plaintiff has not presented a colorable basis as to why any attorneys at Arnold &
11  Porter are necessary witnesses in this litigation.[4]

12      2) Individual Defendants' motions to dismiss plaintiff's complaint are **GRANTED**.
13  Plaintiff's complaint is hereby **DISMISSED WITHOUT PREJUDICE** for failure to comply with the
14  pre-filing order issued against defendant on September 25, 2012. (Dkt. No. 25-1, Order, *Dydzak*
15  *v. Cantil-Sakauye*, No. 11-CV-5560-JCC (C.D. Cal. Sept. 25, 2012).) Specifically, the Central
16  District ordered the following: "Plaintiff is prohibited from initiating any further litigation in this
17  or *any other federal court* alleging deprivation of rights under 42 U.S.C. § 1984 or *Bivens* based
18  on his disbarment without the prior authorization from the presiding judge of the U.S. District

---

[4] As to both motions, plaintiff also fails to identify any bases as to why he would have standing to disqualify counsel for defendants Ronald M. George and Charles Schwab. *See Kasza v. Browner*, 133 F.3d 1159, 1171 (9th Cir. 1998) ("As a general rule, courts do not disqualify an attorney on the grounds of conflict of interest unless the former client moves for disqualification." (quoting *United States v. Rogers*, 9 F.3d 1025, 1031 (2d Cir. 1993)); *cf. Hein v. Freedom from Religion Found., Inc.*, 551 U.S. 587, 599–600 (2007) (holding that a citizen's status as a taxpayer, without more, is insufficient to confer standing to challenge a government's decisions regarding the allocation of its resources); *see also DHR Int'l Inc. v. Charlson*, No. 14-CV-1899-PJH, 2014 WL 4808752, at *9 (N.D. Cal. Sept. 26, 2014) ("The ethical rules are not intended to allow a lawyer to disqualify opposing counsel merely by calling him or her as a witness. . . . Generally, only an attorney's former or current clients have a sufficient stake in litigation to have standing to move for disqualification based on conflicts of interest, unless there is an ethical breach that 'so infects the litigation in which disqualification is sought that it impacts the moving party's interest in a just and lawful determination of her claims.'" (citations omitted)).

1  Court for the Central District of California." (*Id.* (emphasis supplied).)[5] Additionally, the pre-
2  filing order required plaintiff to "provide security in the amount of $5,000 for each defendant
3  against whom he seeks to proceed with [c]ourt authorization in the future." (*Id.*)  The Ninth
4  Circuit affirmed the order of the district court. (Dkt. No. 25-2, Memorandum, *Dydzak v. Cantil-
5  Sakauye*, No. 12-56960 (9th Cir. May 18, 2015) ("The district court did not abuse its discretion by
6  entering a pre-filing order against Dydzak after providing him notice and an opportunity to be
7  heard, developing an adequate record for review, making substantive findings regarding his
8  frivolous litigation history, and tailoring the restriction narrowly."); Dkt. No. 25-3, Mandate,
9  *Dydzak v. Cantil-Sakauye*, No. 12-56960 (9th Cir. May 18, 2015).)  Plaintiff has not complied
10 with such order and argues only that he need not comply with the pre-filing order because the
11 order is marked by "fraud upon the court" and is being appealed and therefore not final.  Such are
12 not grounds for plaintiff's failure to comply.[6]

---

[5] The current action involves section 1983 claims against the Ninth Circuit Defendants, which arise out of plaintiff's disbarment and the many lawsuits plaintiff has initiated since. (*See* Dkt. No. 25-1, Order, *Dydzak v. Cantil-Sakauye*, No. 11-CV-5560-JCC (C.D. Cal. Sept. 25, 2012) (setting forth case-by-case plaintiff's litigation history up to that point); Dkt. No. 41-2, Order, *Dydzak v. George*, No. 10-CV-5820-SVW (C.D. Cal. Nov. 8, 2010) (discussing plaintiff's disbarment and appeals history); *see also* Compl. ¶¶ 14–26 (discussing prior lawsuits and appeals to the Ninth Circuit).

[6] Additionally, plaintiff's claims against the Ninth Circuit Defendants would be barred because each has absolute immunity from suit with regards to their judicial activities. "Judges are absolutely immune from civil liability for their judicial acts." *Adams v. Committee on Judicial Conduct & Disability*, 165 F. Supp. 3d 911, 921–22 (N.D. Cal. 2016) (citing *Mullis v. Bankr. Court for Dist. of Nevada*, 828 F.2d 1385, 1388 (9th Cir. 1987); *see also Mireles v. Waco*, 502 U.S. 9, 9–10 (1991).  Such immunity extends to the clerks of the court.  *See Adams*, 165 F. Supp. 3d at 923 ("Court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process." (quoting *Mullis*, 828 F.2d at 1390)).  Also, the "judicial or quasi-judicial immunity available to federal officers is not limited to immunity from damages, but extends to actions for declaratory, injunctive[,] and other equitable relief." *Moore v. Brewster*, 96 F.3d 1240, 1243 (9th Cir. 1996), *superseded on other grounds as discussed in Meinhold v. Sprint Spectrum, L.P.*, No. 07-CV-00456, 2007 WL 1456141, at *5–6 (E.D. Cal. May 16, 2007); *see also Atkinson-Baker & Assocs. v. Kolts*, 7 F.3d 1452, 1454 (9th Cir. 1993) ("Federal judges are absolutely immune from claims for declaratory and injunctive relief arising from their judicial acts.").  Plaintiff brings federal claims only against the Ninth Circuit Defendants, which would be dismissed due to such absolute immunity.  Thus, the Court would lack subject matter jurisdiction over plaintiff's claims against the Individual Defendants, in any event.  *Jones v. Cmty. Redevelopment Agency of the City of Los Angeles*, 733 F.2d 646, 651 (9th Cir. 1984) ("When federal claims are dismissed before trial . . . pendent state claims also should be dismissed.").

1    3) Plaintiff's motion for default judgment as to the Ninth Circuit Defendants is **DENIED** as moot.

**CONCLUSION**

For the foregoing reasons, the Court **ORDERS** as follows:  Plaintiff's motions to disqualify counsel are **DENIED**.  (Dkt. Nos. 31, 39.)  Individual Defendants' motions to dismiss are **GRANTED**, and plaintiff's complaint is hereby **DISMISSED WITHOUT PREJUDICE**.  (Dkt. Nos. 9, 22, 24, 29.)  Plaintiff's motion for entry of default judgment is **DENIED** as moot.  (Dkt. No. 64.)  Should plaintiff choose to refile a complaint, he must comply with the referenced pre-filing order.  In light of the pre-filing order, leave to amend is not granted.  The Clerk shall close the file.

This Order terminates Docket Numbers 9, 22, 24, 29, 31, 39, and 64.

**IT IS SO ORDERED.**

Dated: November 30, 2016

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**