UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DANIEL DYDZAK**, <br> Plaintiff, <br> v. <br> **CHARLES SCHWAB, ET AL.**, <br> Defendants. | Case No. 16-cv-04799-YGR <br><br> **ORDER DENYING MOTION FOR RECONSIDERATION** <br><br> Re: Dkt. No. 71 |

Plaintiff Dydzak brought this action against several defendants alleging constitutional violations relating to certain judicial proceedings. The Court granted defendants' motions to dismiss based on plaintiff's failure to comply with a pre-filing order issued against him on September 25, 2012. (Dkt. No. 70.)[1] The Court added that should plaintiff choose to refile a complaint, he must comply with the pre-filing order, and in light of such order, did not grant leave to amend. (*Id.*) Plaintiff now moves for the Court to reconsider its order dismissing his complaint. (Dkt. No. 71.)[2]

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir.1993). Local Rule 7-9(b) requires that a party seeking leave to file a motion for reconsideration show reasonable diligence in making the motion and one of the following:

---

[1] Additionally, the Court denied plaintiff's motions to disqualify certain counsel and found that the Ninth Circuit judges and the Ninth Circuit Clerk were immune from suit in this context. (Dkt. No. 70.)

[2] Pursuant to Civil Local Rule 7-9(a), no party may "notice a motion for reconsideration without first obtaining leave of Court to file the motion." The Court will thus construe plaintiff's motion as a motion for leave to file a motion for reconsideration.

(1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or

(2) The emergence of new material facts or a change of law occurring after the time of such order; or

(3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Pursuant to Local Rule 7-9(c), "[n]o motion for leave to file a motion for reconsideration may repeat any oral or written argument made by the applying party in support of or in opposition to the interlocutory order which the party now seeks to have reconsidered." Reconsideration of a prior ruling is an "extraordinary remedy, to be used sparingly." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

Plaintiff argues that the Court erred in refusing to disqualify certain counsel, finding that the Ninth Circuit defendants were immune from suit, and applying the pre-filing order in dismissing this action. Plaintiff's motion is based entirely on arguments that were, or could have been, presented to the Court in support of his opposition to the defendants' motions to dismiss. Plaintiff has, therefore, failed to satisfy his burden.

Accordingly, plaintiff's motion is **DENIED.** This Order terminates Docket Number 71.[3]

**IT IS SO ORDERED.**

Dated: January 11, 2017

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

---

[3] The Court **VACATES** the hearing on this motion currently set for January 17, 2017.

2